# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMEX TEXTILES, INC., a California Corporation, | CV 18-06543-RSWL-AGR |
| Plaintiff, | **ORDER re: Defendants' Motion for Summary Judgment** [63] |
| v. | |
| HK WORLDWIDE, LLC, d/b/a HOT KISS, a New York Limited Liability Company; APOLLO APPAREL NY, LLC, a New York Limited Liability Company; ROSS STORES, INC., a Delaware Corporation; R&R GOLDMAN ASSOCIATES, INC., d/b/a DISCOVERY CLOTHING COMPANY, an Illinois Corporation; SPECIALTY RETAILERS, INC., a Texas Corporation; BEALL'S OUTLET STORES, INC., a Florida Corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff Romex Textiles, Inc. ("Plaintiff") brings this copyright infringement Action against Defendants

Apollo Apparel NY, LLC; Ross Stores, Inc.; R&R Goldman Associates, Inc., d/b/a Discovery Clothing Company; Specialty Retailers, Inc.; Beall's Outlet Stores, Inc.; and Does 1 through 10 (collectively, "Defendants").[1] Am. Compl., ECF No. 46. Currently before the Court is Defendants' Motion for Summary Judgment ("Motion") [63]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendants' Motion.

## I. BACKGROUND

A. <u>Factual Background</u>

Plaintiff is a California corporation. Am. Compl. ¶ 4. Defendants are a series of corporations domiciled in New York, Delaware, Illinois, Texas, and Florida. <u>Id.</u> ¶¶ 6-10. Plaintiff is the owner and author of a two-dimensional artwork (the "Subject Design") called "AE_T1697" under the title of work "AE Design Studio 3-31-2014". Decl. of Shawn Binafard ("Binafard Decl.") ISO Pl.'s Opp'n ¶ 4, ECF No. 67-1. On March 31, 2014, Plaintiff was granted a copyright for the Subject Design, with Registration No. VA 1-903-180. Pl.'s Opp'n, Ex. A ("Subject Design Registration"), ECF No. 67-3. The Subject Design is a floral design, which is depicted below. Defs.' Mot. for Summ. J. ("Mot."), Ex.

---

[1] Plaintiff initially included HK Worldwide, LLC as a Defendant in this Action. HK Worldwide, LLC was dismissed without prejudice by stipulation on March 25, 2019. ECF No. 53.

B (the "Subject Design"), ECF No. 67-4.



Plaintiff alleges that Defendants manufactured, purchased, sold, or marketed two garments (the "Accused Designs") which infringe the Subject Design. The two allegedly infringing garments are depicted below, and entitled Version 1 and Version 2, respectively.

**Version 1**




**Version 2**



Mot., Ex. C ("Accused Designs"), ECF No. 63-5. Defendants deny that they infringed the Subject Design, and bring this Motion alleging that they are entitled to judgment as a matter of law because the Subject Design and Accused Designs are not substantially similar. See generally Mot.

**B.   Procedural Background**

Plaintiff filed its Complaint [1] on July 30, 2018 and then filed its Amended Complaint [46] on March 6, 2019.  Defendants timely filed their Answers to the Amended Complaint [55-59], denying Plaintiff's allegations and asserting affirmative defenses, including lack of substantial similarity between the Subject Design and Accused Designs.

On May 28, 2019, Defendants filed the instant Motion for Summary Judgment [63], alleging that the Subject Design and Accused Designs are not

substantially similar.  Plaintiff filed its Opposition
on June 4, 2019 [67].  Defendants filed their Reply
[68] on June 10, 2019.  Plaintiff then filed a Sur-
Reply [69] in support of its Opposition, in which
Plaintiff filed evidentiary objections to Defendants'
Reply, responses to Defendants' evidentiary objections,
and a Statement of Controverted Facts.  Defendants
filed an Objection to Plaintiff's Sur-Reply on June 17,
2019 [70].

## II. DISCUSSION

**A.  Legal Standard**

Summary judgment should be granted "if the movant
shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as
a matter of law."  Fed. R. Civ. P. 56(a).  A fact is
"material" for purposes of summary judgment if it might
affect the outcome of the suit, and a "genuine" issue
exists if the evidence is such that a reasonable fact-
finder could return a verdict for the nonmovant.
Anderson v. Liberty Lobby, Inc., 477 U.S. 244, 248
(1986).  The evidence, and any inferences based on
underlying facts, must be viewed in the light most
favorable to the nonmovant.  Twentieth Century-Fox Film
Corp. v. MCA, Inc., 715 F.2d 1327, 1328-29 (9th Cir.
1983).  In ruling on a motion for summary judgment, the
court's function is not to weigh the evidence, but only
to determine if a genuine issue of material fact
exists.  Anderson, 477 U.S. at 255.

Where the nonmovant bears the burden of proof at trial, the movant need only prove that there is no evidence to support the nonmovant's case.  *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the movant satisfies this burden, the burden then shifts to the nonmovant to produce admissible evidence showing a triable issue of fact.  *Id.*; *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000); *see also* *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**B.  Analysis**

　　1.  Objections

　　　　a.  *Plaintiff's Objections*

Plaintiff filed several evidentiary objections to the Declarations of Edward Alfaks and Philip A. Byler. *See* Pl.'s Evid. Objs., ECF Nos. 67:9-10.  The Court does not rely on the objected-to evidence, and thus the Court **DENIES as MOOT** Plaintiff's objections.

　　　　b.  *Defendants' Objections*

Defendants object to Exhibits D and E to the Declaration of Chan Yong Jeong—which contain side-by-side comparisons of specific flowers in the Subject Design and Accused Designs—on the grounds that the Exhibits are misleading since they are "black and white unclear presentations of small aspects of the larger designs at issue that do not show the larger designs." *See* Defs.' Evid. Objs., ECF No. 68-7.  First,

Defendants cite no authority for their position that the Court is unable to analyze individual aspects of the designs, and as will be discussed further, case law suggests otherwise. In any event, contrary to Defendants' assertion, Exhibits D and E contain both zoomed-in images of certain flowers in the designs *and* larger images of the floral patterns as a whole. Second, the images depicted in Exhibits D and E are not black and white as Defendants contend. Nonetheless, the Court acknowledges that the coloring of the images in Exhibits D and E differ from the coloring of the Subject Design as it is depicted in Plaintiff's Swatch Sheet.[2] However, the Court only relies on Exhibits D and E to evaluate the shape, shading, and structure of the flowers, not their color. As such, the Court **DENIES** Defendants' Evidentiary Objections.

Defendants also object to Plaintiff's Sur-Reply papers, in which Plaintiff responded to Defendants' evidentiary objections, asserted new evidentiary objections to evidence presented in Defendants' Reply, and filed a Statement of Disputed Facts. See ECF No. 70. The Court does not rely on Plaintiff's Sur-Reply papers, and thus the Court **DENIES as MOOT** Defendants' Objection to them.

2. Analysis

To establish copyright infringement, Plaintiff must

---

[2] Plaintiff's Swatch Sheet of the Subject Design is attached to Defendants' Motion as Exhibit B. See ECF No. 63-4.

prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Servs. Co., 499 U.S. 340, 361 (1991). To satisfy the copying element, Plaintiff must show either "(1) that the two works in question are strikingly similar, or (2) that the works are substantially similar and that Defendants had access to the Subject [Design]." Malibu Textiles, Inc. v. Label Lane Int'l, Inc., 922 F.3d 946, 952 (9th Cir. 2019)(quotations omitted). Defendants move for summary judgment on the basis that there is no substantial similarity of the Subject Design and Defendants' designs.

a. *Ownership of Valid Copyright*

"A certificate from the U.S. Register of Copyrights 'constitutes prima facie evidence of the validity of the copyright.'" Desire, LLC v. Manna Textiles, Inc., No. CV 16-4295-DMG (JEMx), 2017 WL 5635009, at *6 (C.D. Cal. Aug. 18, 2017)(quoting 17 U.S.C. § 410(c)). Plaintiff's design was registered with the United States Copyright Office, and thus validity of the copyright is presumed. See Subject Design Registration. To overcome this presumption, the burden shifts to Defendants to "rebut the facts set forth in the copyright certificate." Id. (quoting United Fabrics Int'l, Inc. v. C&J Wear, Inc., 630 F.3d 1255,

1257 (9th Cir. 2011)).  Defendants fail to do so,[3] and
in any event, assert that their Motion for Summary
Judgment is "based solely on the lack of substantial
similarity between the allegedly copyrighted design and
the allegedly infringing design . . . ."  Defs.' Reply
5:15-17, ECF No. 68.  Thus, the Court turns to the
copying element, and evaluates the similarity of the
designs.

   b.  *Copying by Defendants*

    "Summary Judgment is not highly favored on
questions of substantial similarity in copyright
cases."  <u>L.A. Printex Industries, Inc. v. Aeropostale,
Inc.</u>, 676 F.3d 841, 848 (9th Cir. 2012).  "Where
reasonable minds could differ on the issue of
substantial similarity . . . summary judgment is
improper."  <u>Shaw v. Lindheim</u>, 919 F.2d 1353, 1355 (9th
Cir. 1990).

    "In assessing whether particular works are
substantially similar, or strikingly similar, this
Circuit applies a two-part analysis: the extrinsic test
and the intrinsic test."  <u>Unicolors, Inc. v. Urban</u>

-----

[3] At most, Defendants argue that the idea of a flower design
is not protectable and that standard aspects of a flower design
are not protectable.  However, even if the idea of floral designs
and certain elements of floral designs are not protectable,
Plaintiff's "original selection, coordination, and arrangement of
such elements is protectible."  <u>L.A. Printex Industries, Inc.</u>,
676 F.3d at 850 ("Because there is a wide range of expression for
selecting, coordinating, and arranging floral elements in
stylized fabric designs, copyright protection is broad and a work
will infringe if it's substantially similar to the copyrighted
work.")(quotations omitted).

9

<u>Outfitters, Inc.</u>, 853 F.3d 980, 985 (9th Cir. 2017).
"The extrinsic test requires plaintiffs to show overlap
of concrete elements based on objective criteria, while
the intrinsic test is subjective and asks whether the
ordinary, reasonable person would find the total
concept and feel of the works to be substantially
similar." <u>Id.</u> (quotations omitted).  While the Court
may determine whether Plaintiff has satisfied the
extrinsic test, "once th[at] objective threshold is
met, it is the role of the jury to make a nuanced
subjective determination under the intrinsic test."
<u>Id.</u> at 987.  Thus, the Court proceeds to apply the
extrinsic test.

> i. *Identifying Protectable Elements*

The first step in applying the extrinsic test is to
"distinguish protectible from unprotectible elements
[of a work] and ask only whether the protectible
elements in two works are substantially similar."  <u>L.A.</u>
<u>Printex Industries, Inc.</u>, 676 F.3d at 850.  While the
idea of a floral design or the natural appearance of
the flowers themselves is not protectable, Plaintiff's
"[o]riginal selection, coordination, and arrangement"
of the flowers in the Subject Design is protectable
expression.  <u>Id.</u>  "After all, there are gazillions of
ways to combine petals, buds, stems, leaves, and colors
in floral designs on fabric."  <u>Malibu Textiles., Inc.</u>,
922 F.3d at 953.
///

ii.  *Comparing Similarities*

Next, the Court compares the protectable elements of the Subject Design to the Accused Designs "to assess similarities in the objective details of the works." Id. (quotations omitted).  "In comparing fabric designs, we examine the similarities in their objective details in appearance, including, but not limited to, the subject matter, shapes, colors, materials, and arrangement of the representations."  Id.

1.  *Version 1*





///

Plaintiff identifies five "elements" of similarities between the flowers in the Subject Design and the Accused Design Version 1. Defendants dispute that the Court should consider these elements, arguing that only the Subject Design as a whole is entitled to copyright protection. While the protectable aspect of the Subject Design is the selection, coordination, and arrangement of the floral pattern, as opposed to the individual flowers themselves, the unique expressions in each flower are nonetheless relevant since they contribute to the Subject Design as a whole. For this reason, courts within the Ninth Circuit have compared both individual flowers and the works as a whole in determining substantial similarity. <u>See</u>, <u>e.g.</u>, <u>Desire, LLC v. Manna Textiles, Inc.</u>, No. CV 16-4295-DMG (JEMx), 2017 WL 5635009, at *10 (C.D. Cal. Aug. 18, 2017)("Before analyzing the Subject and Accused Designs as a whole—*i.e.*, considering the floral design and pattern as a textile print, as opposed to the individual flowers alone—the Court evaluates the flowers individually under the extrinsic test."). Thus, the Court first compares the similarities amongst the five elements identified by Plaintiff, and then analyzes the works as a whole.

Element 1 highlights the largest red flower in each design. As depicted below, both the Subject Design and Accused Design contain the same three layers of petals, with each petal layer blooming outward at the same

degree.  Moreover, the shape and shading is nearly
identical in each of the flower's petal layers.  While
the colors of shading are darker in the Accused Design,
"a rational jury could find that these difference
result from the fabric-printing process generally and
are inconsequential."  <u>L.A. Printex Industries, Inc.</u>,
676 F.3d at 851 (quotations omitted).



Element 2, depicted below, refers to a mid-sized
red flower in each design, which is shaped and shaded
nearly identically.  Additionally, both designs depict
a small petal jutting toward the left at the bottom of
the rosebud.



Element 3, depicted below, reveals a mid-sized red flower with nearly identical shape and shading. Moreover, each flower contains a more pronounced green ovule. The ovule is shaded similarly in both designs, with the area closest to the rosebuds shaded in one color and the lower area of the ovule shaded in a contrasting color. Next to the ovule in both designs, a leaf protrudes out to the right and curves down.



///
///
///
///
///
///
///
///
///
///

Element 4, depicted below, reflects a three-petal flower with three curved slopes along the outer petals, and steeper slopes along the central petal, blooming outward from an asymmetrical ovule jutting toward the left. The shading in each flower, and in the ovule connected to the flower, is nearly the same.



Case 2:18-cv-06543-PSWL-AGP Document 67-6 Filed 06/04/19 Page 6 of 7 Page ID #:810

SUBJECT DESIGN                    ACCUSED DESIGN

///
///
///
///
///
///
///
///
///
///
///
///

Element 5, depicted below, reflects a large, more cylindrical red flower that is shaded almost identically in both designs. The shape of the flowers is also nearly identical, with the leftmost petal jutting outward to the left and appearing taller than the rest of the flower, the rightmost petal sloping downward, and the swirl of the rose appearing the same in both.



In addition to these individual similarities, a jury could find that the floral patterns as a whole are substantially similar based on the following: both depict small bouquets of red flowers resembling roses, both contain the same varying sizes and shapes of the roses, both have green leaves with short stems connecting the roses to the leaves and each other, and both contain a similar ratio between the flowers and negative space. See, e.g., Star Fabrics, Inc. v. Closet Signature Fashion Valley Mall, No. LA CV 17-

09260-JAK-FFM, 2018 WL 6265095, at *4 (C.D. Cal. May 4, 2018)(finding substantial similarity based on the shape and texture of the flowers and the clustering of certain types of flowers, color of the flower petals and their leaves, size of the flowers and leaves, and ratio between the flowers and negative space).

Defendants dispute these similarities and focus on four alleged differences between the designs: (1) in the Subject Design most of the big red flowers have smaller yellow flowers of a different kind than the red flowers, whereas in the Accused Designs, the big flowers are not accompanied by smaller flowers of a different kind; (2) in the Subject Design, all of the big red flowers have large green leaves, whereas in the Accused Designs a majority of the big red flowers have a vine with small flowers winding away from the big flowers and some of the big flowers have no small flowers at all; (3) the Subject Design has flowers close together, whereas the Accused Designs are spread out more such that there are empty spaces without flowers; and (4) the Subject Design has a different big red flower than the Accused Designs. Mot. at 6:7-21. However, of the four listed differences, the second and third differences only pertain to Version 2 of the Accused Design. Further, the Court disagrees with Defendants as to the fourth difference in light of the similarities between the large red flowers discussed above. The Court agrees with Defendants that the first

17

difference is the most distinguishable feature of the
Subject Design, and indeed, the difference may
ultimately lead a jury to conclude that the two works
are not substantially similar.  However, at this
juncture and "in light of the similarities described
above, the differences support the . . . conclusion[]
that there is a genuine dispute of material fact on
substantial similarity."   See L.A. Printex Industries,
Inc., 676 F.3d at 851.

In sum, the Court finds that a triable issue of
fact exists as to whether there is substantial
similarity between the Subject Design and Version 1 of
the Accused Design.

2.   *Version 2*



For many of the same reasons as stated with respect
to Version 1 of the Accused Design, a reasonable juror
could also find that Version 2 of the Accused Design is

substantially similar to the Subject Design.
Specifically, Version 2 contains four of the five
"elements" of similarities that Version 1 had.  Those
four elements, depicted below, relate to the
similarities between the largest red flowers in each
design; the mid-sized red flowers with a small petal
jutting toward the left at the bottom of the rosebud;
the three-petal flower with three curved slopes along
the outer petals and steeper slopes along the central
petal, blooming outward from an asymmetrical ovule
jutting toward the left; and the large, more
cylindrical red flower that is shaded almost
identically in both designs with the leftmost petal
more prominent than the other petals and sloping to the
left.







When viewed as a whole, the Subject Design and Accused Design Version 2 also contain similarities. Specifically, both designs depict small bouquets consisting of the same red flowers that resemble roses, both contain the same varying sizes and shapes of the roses, and both contain negative space between each bouquet. See Desire, LLC, 2017 WL 5635009, at *11 (finding that where the same types of flowers were portrayed in both designs and the sizes of flowers in each design were consistent, there existed a triable issue of fact as to substantial similarity of the designs as a whole).

Despite these similarities, the Court also

recognizes that there are significant differences between the two works. First, the big red flowers in Version 2 of the Accused Design are not accompanied by yellow flowers or flowers of a different kind. Instead, the big red flowers are either accompanied by one other medium red flower of the same type as the large red flower, or are isolated and unaccompanied by any other flowers or leaves. Second, Version 2 of the Accused Design does not contain any green leaves or stems. Third, the flowers and bouquets in Version 2 of the Accused Design are more spread out than the bouquets depicted in the Subject Design, as the flowers are either isolated or connected to a dark grey vine with small flowers winding away from the big flowers. Fourth, the color scheme of the two designs is different. Nonetheless, as stated with respect to the differences found between the Subject Design and Version 1 of the Accused Design, these differences only further support the conclusion that a triable issue of fact exists. See L.A. Printex, 676 F.3d at 851 ("It is entirely immaterial that, in many respects, plaintiff's and defendant's works are dissimilar, if in other respects, similarity as to a substantial element of plaintiff's work can be shown.").

In conclusion, Defendants bear a heavy burden to establish that there is no triable issue of fact as to substantial similarity. See Rentmeester v. Nike, Inc., 883 F.3d 1111, 1127 (9th Cir. 2018)("[Substantial

similarity] is an inherently factual question which is often reserved for the jury[.]"). Because a comparison of the Subject Design and the Accused Designs reveals several objective similarities and differences, the Court cannot conclude as a matter of law that the works are not substantially similar. Thus, the Court **DENIES** Defendants' Motion.[4]

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion for Summary Judgment

**IT IS SO ORDERED.**

DATED: August 20, 2019          s/ RONALD S.W. LEW
                                **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge

---

[4] Plaintiff devotes much of its Opposition to arguing that the works are strikingly similar. However, Defendants only brought the Motion on the basis that the works lack substantial similarity. Because the Court finds a triable issue of fact as to substantial similarity, Defendants' Motion is denied and the Court need not decide whether the designs' similarities rise to the level of striking similarity.